UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JUSTIN WEISS,

Plaintiff,

v.

JOSEPH K. ABOOD,

Defendant.

Case No. 2:16-cv-02189-GMN-PAL

**ORDER**

(IFP App. – ECF No. 1)

This matter is before the court on Plaintiff Justin Weiss' Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Weiss is a prisoner in the custody of the Clark County Detention Center ("CCDC"), and he is appearing in this action *pro se*, which means that he is not represented by counsel. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $350.00 filing fee.[1] In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1). The district court determines the appropriate amount of an initial partial filing fee based on a formula provided in the statute. *Id*. Prisoners must pay an initial partial filing fee of the greater of twenty percent (20%) of the average monthly deposits or twenty percent (20%) of the average monthly balance of his account for the six months immediately preceding the start of this action. *See* 28 U.S.C. § 1915(b)(1). After the initial partial filing fee is paid, the facility having custody of the prisoner will forward payments

---

[1] Pursuant to the court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

1

1    from the prisoner's account each month.  *See* 28 U.S.C. § 1915(b)(2).  Mr. Weiss is therefore

2    advised that even if this action is dismissed, he must still pay the full filing fee pursuant to

3    § 1915(b) and the monthly payments from his inmate account will continue until the balance is

4    paid.  A prisoner's failure to pay the initial partial filing fee before the deadline stated in the court's

5    order, which typically allow 30 days, "shall be cause for cause for dismissal of the case."  LSR 1-

6    3(c).

7         Here, Mr. Weiss has submitted a complaint along with the financial affidavit, financial

8    certificate, and inmate account statement required by 28 U.S.C. § 1915(a)(2) and LSR 1-1 and 1-

9    2.  His financial affidavit shows that he is unable to prepay fees and costs or give security for them.

10   Accordingly, the court will grant his request to proceed IFP pursuant to § 1915(a).  Weiss' average

11   monthly balance is $10.00, and his average monthly deposits are $150.00.  Therefore, the court

12   finds that Mr. Weiss must pay an initial partial filing fee of $30.00, and he shall have until **March**

13   **24, 2017**, to submit his partial filing fee.

14        Upon receipt of the initial partial filing fee, the court will screen Weiss's complaint as

15   required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

16   2000) (en banc) (noting that § 1915(e)'s screening requirement "applies to all *in forma pauperis*

17   complaints").[2]  If his complaint states a valid claim for relief, the court will direct the Clerk of the

18   Court to issue summons to the defendant(s) and instruct the United States Marshal Service to serve

19   the summons and complaint.  *Cf.* Fed. R. Civ. P. 4(c)(3); LSR 1-3(c) (requiring that a prisoner's

20   initial partial filing fee be paid "*before* the Court will order service of process").

21        Accordingly,

22   **IT IS ORDERED:**

23   1. Plaintiff Justin Weiss' Application to Proceed *In Forma Pauperis* (ECF No. 1) is

24        GRANTED.  Mr. Weiss is permitted to maintain this action to conclusion without

25        prepaying the full $350.00 filing fee or costs or giving other security therefor.  This

26

27   ---
     [2] 28 U.S.C. § 1915A(a) requires district courts to "review, before docketing, if feasible or, in any event, as

28   soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a
     government entity or officer or employee of a governmental entity."

1    Order granting IFP status shall not extend to issuance and/or service of subpoenas at

2    government expense.

3    2.   Mr. Weiss must pay an initial partial filing fee in the amount of $30.00 toward the full

4         $350.00 filing fee.  He shall have until **March 24, 2017**, to have the $30.00 initial

5         partial filing fee sent to the Clerk of the Court.  Failure to do so may result in a

6         recommendation to the district judge for dismissal of this action.

7    3.   The Clerk of Court shall MAIL Mr. Weiss two copies of this Order.  Weiss must make

8         the necessary arrangements to have one copy of this Order attached to a check in the

9         amount of the initial partial filing fee.

10   4.   Beginning the month following Mr. Weiss's payment of the initial partial filing fee, the

11        Clark County Detention Center ("CCDC") shall forward to the Clerk of the United

12        States District Court, District of Nevada, twenty percent (20%) of the preceding

13        month's deposits to Weiss's account (in the months that the account exceeds $10.00)

14        until the full $350.00 filing fee has been paid for this action pursuant to 28 U.S.C.

15        § 1915(b)(2).

16        a.   The Clerk of the Court shall send a copy of this Order to the Finance Division of

17             the Clerk's Office and the CCDC Accounting Supervisor, 330 S. Casino Center

18             Blvd. Las Vegas, NV 89101.

19        b.   If Mr. Weiss should be transferred and come under the care of the Nevada

20             Department of Prisons, the CCDC Accounting Supervisor is directed to send a copy

21             of this Order to the attention of the Chief of Inmate Services for the Nevada

22             department of Prisons, P.O. Box 7011, Carson City, NV 89702, indicating the

23             amount that Weiss has paid towards his filing fee, so that funds may continue to be

24             deducted from his account.

25   / / /

26   / / /

27   / / /

28   / / /

5. Upon receipt of the initial partial filing fee, the court will screen Mr. Weiss's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Even if this action is dismissed, Weiss must still pay the full $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(2).

Dated this 21st day of February, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4